UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ROSELIA VELA-ROMAN,<br><br>Defendant. | CASE NO. 2:25-cr-00093-LK<br><br>ORDER DENYING MOTIONS TO EXTEND DEADLINE; GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on United States Probation's Request for Early Termination of Defendant Roselia Vela-Roman's term of supervised release. Dkt. No. 3. The Government filed duplicative tardy motions to extend its deadline to respond to the motion. Dkt. Nos. 7, 8. For the reasons discussed below, the Court denies the motions to extend and grants the motion for early termination of supervised release.

## I. BACKGROUND

On October 27, 2020, Vela-Roman pleaded guilty in her criminal case, *United States v. Vela-Roman*, No. 1:20-CR-02011-EFS (E.D. Wash.), to Distribution of Fifty Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(viii). Dkt. No. 2-1 at

1–2. After she pleaded guilty, she was on pretrial supervision for nearly three years before she was sentenced. Dkt. No. 5 at 2.

On August 22, 2023, Vela-Roman was sentenced to three months of custody, followed by five years of supervised release. Dkt. No. 2-2. Vela-Roman's supervised release term commenced on January 3, 2024, and is set to expire on January 2, 2029. Dkt. No. 3 at 1. On January 17, 2024, the Court endorsed a modification to include substance use disorder treatment and mental health treatment. *Id.* On May 21, 2025, her supervised release was transferred to this District. Dkt. No. 1.

On July 8, 2026, U.S. Probation filed a request for early termination. Dkt. No. 3. The following day, the Court issued an order requesting that the parties file responses to U.S. Probation's request by July 23, 2026. Dkt. No. 4. Vela-Roman filed a timely response. Dkt. No 5. The Government did not. On July 24, 2026, the Government filed a notice of appearance, two duplicative motions for extension of time to respond, and a response. Dkt. Nos. 6–9.

## II. DISCUSSION

### A. The Court Denies the Motion to Extend the Government's Deadline

The Government moves for a one-day extension of time to respond to the request for early termination. Dkt. No. 8 at 1. Jacqueline Pecaro, the assigned Assistant U.S. Attorney, states that on July 6, 2026, she was "contacted by United States Probation Officer Natalia Malec regarding an early termination of supervised release for Roselia Vela-Roman." Dkt. No. 8-2 at 2. On July 7, AUSA Pecaro responded that the Government opposed termination, and on July 8, "Officer Malec stated that she intended to file the memorandum and would include the government's position. [AUSA Pecaro] received the memorandum that same day from the Probation Office." *Id.* at 3. AUSA Pecaro further states that "[o]n July 9, 2026, notice regarding the Court's request for the Government's response to Probation's memorandum was entered on ECF and sent to a paralegal in our office and a general complaints email. The paralegal is currently out of the office, so I was

unable to speak with her regarding the ECF notice." *Id.* AUSA Pecaro was "not notified" until July 24, 2026 that the Court had requested a response. *Id.* Vela-Roman and the U.S. Probation Office did not respond to this motion.

Rule 45 permits a court to extend a deadline either on its own initiative or on a party's motion filed "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). To assess whether the neglect was excusable, a court considers the "*Pioneer* factors": "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *United States v. Laverty*, No. 22-10187, 2024 WL 124294, at *3 (9th Cir. Jan. 11, 2024) (quoting *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Here, the delay was short, and there is no evidence of prejudice to Vela-Roman or a lack of good faith. However, the reason for the delay does not show excusable neglect. AUSA Pecaro was told on July 8 that U.S. Probation intended to file a request for early termination, Dkt. No. 8-2 at 3, and she was copied on the filing that day, Dkt. No. 3 at 2. Still, AUSA Pecaro did not enter a notice of appearance or monitor the docket. Notice of the Court's July 9 request for a response was sent to both email addresses provided by the Government for circumstances like this where no AUSA has appeared, Dkt. No. 8-2 at 3, and the record contains no explanation for the Government's apparent failure to monitor those email boxes, *cf. id.* (noting on July 24 that the paralegal using one of the email addresses was "*currently* out of the office" (emphasis added)). Under these circumstances, the Court does not find excusable neglect and denies the motions for an extension of time.

**B. The Court Grants the Motion for Early Termination of Supervised Release**

U.S. Probation recommends that the Court grant Vela-Roman early termination from supervised release. Dkt. No. 3 at 2. They state that she has "completed 30 months of a 5-year term of supervised release," and that she "has derived the maximum benefit from supervision and does not appear to presently pose a risk to the community." *Id.* Specifically, they explain that she is "a low risk to reoffend and the Post Conviction Risk Assessment identified social networks as the sole risk factor," but "there has been no indication Ms. Vela-Roman is associating with negative peers" and her "social network is confined to her immediate family, with whom she resides[.]" *Id.* at 1. She has maintained stable employment since January 2024, successfully completed mental health counseling, received treatment for symptoms of depression and anxiety, obtained a substance use evaluation and was not recommended further treatment, and has provided consistent negative urinalysis results throughout her supervision. *Id.* at 1–2. U.S. Probation has concluded that Vela-Roman "demonstrates the ability to lawfully self-manage beyond the period of supervision." *Id.* at 1.

Vela-Roman states that she has "cut ties with her negative relationships in Eastern Washington" and now resides with her sisters in this district. Dkt. No. 5 at 2–3. She also notes that she recently received a promotion in her job to a lead manager position. *Id.* at 3. Vela-Roman further states that she has two adult daughters with disabilities in Yakima, and she must get permission from her probation officer each time she visits them. *Id.* at 3–4. "A last-minute or longer-term trip—like one that would be required during a medical emergency—is not feasible given the constraints of supervision" but a "grant of early termination would allow [her] the independence to visit and care for her two daughters on her own schedule." *Id.* at 4. She also seeks to take family vacations with her youngest child. *Id.*; Dkt. No. 5-1 at 2 ("These experiences are

invaluable, and have the freedom to create such memories would greatly enhance my and my family's quality of life.").[1]

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which "provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022) (citation modified); *see also* 18 U.S.C. § 3583(e)(1). Section 5D1.4 of the Sentencing Guidelines states that "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice." District courts maintain discretion "to consider a wide range of circumstances when determining whether to grant early termination." *Ponce*, 22 F.4th at 1047 (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014)). Application Note 1(B) to Section 5D1.4 of the Sentencing Guidelines sets forth various factors that a court "may wish to consider" in determining whether to terminate supervised release early:

> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

[1] The Government—in its late response—opposes the motion, arguing that "termination is premature" and "there is cause for concern that she may recidivate given the nature and circumstances of the underlying offense and the fact that she was confined to her residence—with limited exceptions—for the first year of supervision." Dkt. No. 9 at 2. The Government argues that "[c]ontinued supervision will ensure that Ms. Vela Roman's progress continues and leave in place a support network should she recidivate." *Id.* at 3. Even if the Court were to consider the late response, the result would be the same.

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Here, Vela-Roman has completed more than 30 months of supervised release. Dkt. No. 3 at 1. In that time, she has maintained stable employment—including achieving a promotion—separated herself from negative peers, completed mental health counseling, received treatment for symptoms of depression and anxiety, created a positive support system with her family, obtained a substance use evaluation and was not recommended further treatment, and has provided consistent negative urinalysis results. *Id.* at 1–2. On balance, and given the circumstances of this case, the Court finds that her conduct, the interests of justice, and the relevant factors laid out in 18 U.S.C. § 3553(a) support early termination.

## III. CONCLUSION

For the reasons stated herein, Court DENIES the Government's motions to extend its deadline to respond, Dkt. Nos. 7, 8, and GRANTS the Request for Early Termination, Dkt. No. 3. Vela-Roman's term of supervised release is terminated, effective immediately. The Clerk is DIRECTED to send copies of this order to all counsel of record and to the U.S. Probation Office.

Dated this 10th day of August, 2026.

Lauren King
United States District Judge